| | |
|---|---|
| 1 | Robert J. Miller, Esq. (#013334) |
| 2 | Bryce A. Suzuki, Esq. (#022721) |
|   | **BRYAN CAVE LLP** |
| 3 | Two North Central Avenue, Suite 2200 |
|   | Phoenix, Arizona  85004-4406 |
| 4 | Telephone: (602) 364-7000 |
|   | Facsimile:  (602) 364-7070 |
| 5 | Email:   rjmiller@bryancave.com |
|   |              bryce.suzuki@bryancave.com |
| 6 | |
| 7 | Brian C. Walsh, Esq. (MO #58091) |
|   | **BRYAN CAVE LLP** |
| 8 | 211 North Broadway, Suite 3600 |
|   | St. Louis, Missouri  63102 |
| 9 | Telephone:  (314) 259-2000 |
|   | Email:  brian.walsh@bryancave.com |
| 10 | |
| 11 | Counsel for Wells Fargo Bank, N.A., Collateral Agent |

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| BASHAS' INC., BASHAS' LEASECO INC., SPORTSMAN'S, LLC,<br><br>Debtors. | Chapter 11<br><br>Case Nos.   2:09-bk-16050-JMM<br>                   2:09-bk-16051-JMM<br>                   2:09-bk-16052-JMM<br><br>(Jointly Administered under 2:09-bk-16050-JMM) |
| WELLS FARGO BANK, N.A., in its capacity as Collateral Agent pursuant to that certain Intercreditor and Collateral Agency Agreement dated as of April 14, 2008,<br><br>Plaintiff,<br><br>v.<br><br>BASHAS' INC.; BASHAS LEASECO, INC.; and SPORTSMAN'S LLC,<br><br>Defendants. | Adv. Proc. No. 2:10-ap-01219-JMM<br><br>**COMPLAINT TO DETERMINE EXTENT OF LIENS IN ART COLLECTION** |

3432953.4  [0234243]

NOW COMES Plaintiff Wells Fargo Bank, N.A., in its capacity as collateral agent (the "Collateral Agent") pursuant to that certain *Intercreditor and Collateral Agency Agreement* dated as of April 14, 2008, by and among Bank of America, N.A. ("BofA"), Compass Bank ("Compass"), Wells Fargo Bank, N.A. ("Wells Fargo"), and the parties defined therein as the Note Holders (collectively, the "Lender Group"), and for its complaint against Defendants Bashas' Inc., Bashas Leaseco, Inc., and Sportsman's LLC (collectively, the "Debtors"), states as follows:

**Introduction**

1. The Debtors own what has been described as "a spectacular art collection" that is valued "conservatively at $16 million." Max Jarman, *Bashas' fights to keep $16 million art collection*, The Arizona Republic, Apr. 19, 2010 (copy attached hereto as Exhibit A).

2. Prior to the filing of these Chapter 11 cases, the Debtors granted the Collateral Agent a security interest in substantially all of their personal property, including all of their equipment. Nevertheless, the Debtors have subsequently taken the position that the Collateral Agent's security interest does not attach to their art collection. The Collateral Agent thus has been compelled to seek this Court's determination regarding the extent of its security interest.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), because the claims in this proceeding arise in and are related to the Debtors' bankruptcy cases, which are pending in this Court as Case Nos. 2:09-bk-16050 through -16052.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because the Debtors' bankruptcy cases are pending in this District.

## The Parties

6. Plaintiff Wells Fargo Bank, N.A. is a national banking association with its principal place of business in San Francisco, California. The Collateral Agent serves as collateral agent for the Lender Group pursuant to that certain *Intercreditor and Collateral Agency Agreement* dated as of April 14, 2008.

7. Defendant Bashas' Inc. is an Arizona corporation with its principal place of business in Chandler, Arizona.

8. Defendant Bashas' Leaseco, Inc. is an Arizona corporation with its principal place of business in Chandler, Arizona.

9. Defendant Sportsman's LLC is an Arizona limited liability company with its principal place of business in Chandler, Arizona.

10. Each of the Debtors is a debtor-in-possession in a Chapter 11 bankruptcy case commenced in this Court on July 12, 2009 (the "Petition Date").

## The Art Collection

11. The Debtors own more than 3,000 works of art, (collectively, the "Art Collection"). The Collateral Agent is informed and believes that the Art Collection focuses on contemporary Western American art and contemporary Native American art and includes oil paintings, watercolors, acrylics, pastel and charcoal drawings, pen and ink drawings, bronze, wood and natural stone sculptures, wood-turned bowls, basketry, pottery, kachinas, and jewelry.

12. The Collateral Agent is informed and believes that all or substantially all of the Art Collection is displayed at the Zelma Basha Salmeri Gallery of Western American and Native American Art, located at the Debtors' corporate headquarters at 22402 South Basha Road in Chandler, Arizona. A true and correct copy of the Debtors' description of the Art Collection on their website, www.bashas.com, is attached hereto as Exhibit B and incorporated herein by reference.

13. The Collateral Agent is informed and believes that the book value of the Art Collection, at cost, is more than $15,900,000.

## The Security Agreement

14. On or about April 14, 2009, the Debtors and the Collateral Agent entered into a certain Security Agreement (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as Exhibit C and incorporated herein by reference.

15. In the Security Agreement, the Debtors granted to the Collateral Agent a security interest (the "Security Interest") in the assets defined therein as the "Collateral," which definition is incorporated herein by reference. Pursuant to Sections 1(c) and 1(i) of the Security Agreement, the Collateral includes "equipment of every type" and "proceeds, product, rents and profits of any Collateral."

16. The term "equipment" is not defined in the Security Agreement. Section 9.7 of the Security Agreement provides that terms not defined therein are used as set forth in the Uniform Commercial Code as adopted in the State of Arizona.

17. The Collateral secures the Debtors' obligations to the Lender Group that are defined in the Security Agreement as the "Secured Obligations," which definition is incorporated herein by reference. The Secured Obligations have been outstanding at all times relevant hereto. As of the Petition Date, the Secured Obligations totaled more than $196 million in principal amount.

18. On or about April 21, 2009, the Collateral Agent filed three (3) UCC-1 financing statements with the Arizona Secretary of State, one relating to each of the Debtors. Each of such financing statements describes the collateral as including "equipment of every type" and "proceeds." True and correct copies of such financing statements are attached hereto as Exhibits D through F and incorporated herein by reference.

## The Parties' Dispute

19. The Debtors' representatives have maintained in communications with counsel for the Collateral Agent that the Security Interest does not encumber the Art Collection.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3432953.4  [0234243]

20. Under the terms of the Security Agreement, the Security Interest extends to "equipment," as defined in the Uniform Commercial Code as adopted in the State of Arizona, namely Title 47 of the Arizona Revised Statutes.

21. The items in the Art Collection are, and at all times relevant hereto have been, things that are movable. The items in the Art Collection thus are "goods" within the meaning of A.R.S. § 47-9102(44).

22. The items in the Art Collection are not, and at no time relevant hereto have they been, "inventory," "farm products," or "consumer goods," as such terms are defined in A.R.S. § 47-9102.

23. Therefore, the items in the Art Collection are "equipment" within the meaning of A.R.S. § 47-9102(33).

24. Accordingly, the Security Interest extends to the Art Collection and any proceeds thereof.

25. The parties' dispute regarding the extent of the Security Interest constitutes an actual controversy within the jurisdiction of this Court.

WHEREFORE, the Collateral Agent prays for the following relief:

A. that lawful process issue to bring the Debtors before this Court;

B. that the Court enter judgment in favor of the Collateral Agent and against the Debtors in this adversary proceeding;

C. that this Court order and adjudge that the Security Interest of the Collateral Agent extends to the Art Collection and any proceeds thereof;

D. that the Collateral Agent be awarded its attorneys' fees and costs incurred in connection with this adversary proceeding; and

E. that the Collateral Agent be granted any other and further relief as is just and proper under the circumstances.

DATED this 2nd day of July, 2010.

**BRYAN CAVE LLP**

By /s/ BAS, #022721
Robert J. Miller
Bryce A. Suzuki
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

Brian C. Walsh
211 North Broadway, Suite 3600
St. Louis, Missouri 63102

Counsel for Wells Fargo Bank, N.A.,
Collateral Agent